Harry L. Drake, Appellant, v. Grace Townsend
and D. Sullivan, Appellees.

Gen. No. 42,839.

Heard in the first division of this court for the first district at the October term, 1943. Opinion filed February 28, 1944. Rehearing denied March 14, 1944.

John W. Golosineo and Irving Goodman, both of Chicago, for appellant.

James H. Christensen, of Chicago, for appellee.

Mr. Justice Matchett delivered the opinion of the court.

This was a suit in forcible entry and detainer by Drake against Townsend and Sullivan to recover possession of a basement apartment in a building known as 1223 East 57th street in the city of Chicago. The lease was in writing, dated March 20, 1942; was for a term to begin May 1, 1942, and end April 30, 1943. Drake was the lessor, Miss Townsend the lessee. The property was managed by the Mayfair Management Company of which Mr. Ruggles was manager. The lease was a lengthy written document, and contained the usual clauses to be found in Chicago leases which provide that the lessee may not assign the lease or

sublet the premises without the written consent of the lessor indorsed thereon in writing.

Miss Townsend was a student at the University of Chicago. The rental was $32.50 per month. Miss Townsend has been married since she took the lease and is now Mrs. Bronis Grzybowski. Contrary to the express provisions of the lease she sublet the premises to Sullivan and let him with his family into possession. The suit was begun against Townsend and Sullivan. Sullivan was in possession and served with summons. May 17, 1943, the trial judge found him guilty of withholding the premises unlawfully, entered judgment on the finding and ordered a writ of restitution to be stayed for five days. An alias summons was issued for defendant Townsend.

May 26, 1943, Townsend filed a petition praying that the judgment might be set aside. She averred in the petition that summons had been served only on her subtenant, Sullivan, and that he had vacated the premises on May 24, 1943, pursuant to the order of the municipal court. She said she had been a tenant in this apartment for seven and a half years; that she had paid the rent according to the terms of the lease and asked for renewal of the lease as of May 1, 1943, at the same terms and rental of $27.50 per month, according to the rent provisions of the O. P. A. and had tendered the price of the first month's rent, which had been refused. She said that since September 1937, she had sublet a portion of the premises to Sullivan, who had since been in possession thereof; that since May 1938, up to date plaintiff and the landlord had been advised of this sublease and consented and acquiesced therein; that she had been in continuous possession of the premises during her tenancy; that when suit was instituted she was in Cincinnati and did not know of it until her husband telephoned the information to her on Saturday, May 15, 1943; that she was ill in bed and had been so from April 13, 1943; that

she thereupon returned to Chicago on May 24, 1943, when, after consultation with her attorney, she filed this petition. She prayed the order might be set aside and she recognized and retained as a tenant of said premises under the rules and regulations of the O. P. A.

On May 26, 1943, the judgment was vacated and the cause set for trial. On June 3, 1943, the cause was tried before Judge HELLER. A finding of not guilty was entered as to Sullivan and Townsend; motion of plaintiff for a new trial denied; judgment in favor of defendants entered on the finding; and plaintiff brings this appeal.

Plaintiff's theory of the case is that defendant Townsend does not come within the scope of the provisions of the O. P. A. rent regulations because "No part of the apartment leased to her was used by her as her own dwelling." The plaintiff also argues that the defendant by subletting without the landlord's consent "violated a substantial obligation of her tenancy," and therefore was subject to have her tenancy terminated and be evicted.

It developed upon the trial that Sullivan was not the only subtenant that Townsend, the tenant, had permitted to take possession of the apartment. As a matter of fact, she sublet to two tenants, the Sullivans and the Gibsons, and their respective families found room to occupy this one flat, while her testimony is that she herself retained one little room as a storeroom for her own use.

The plaintiff says that the tenant, Miss Townsend (now Mrs. Grzybowski), is a rather thrifty person. It was stated on the trial that she sublet this apartment and received from the two parties to whom she sublet it $65 per month. This was not denied but the court excluded evidence on that point. Mrs. Grzybowski's husband lives at 1223 East 57th street. She said on examination that she could not really say whether

prior to May 1st her husband had ever occupied the premises at 1223 East 57th street but she had given him a key on April 4th. She lived at the Good Samaritan Hospital in Cincinnati. She said the apartment at 1223 East 57th street is divided into two apartments, and there was the usual apartment wall between them. The front portion had two rooms, a kitchen and a 15 by 30 foot living room. She admitted that the Gibsons paid her rent and that they were not related to her by blood or otherwise. There were five persons in all in the Sullivan family, and they were not related to her by blood or otherwise. She said she had her library in the storeroom. In response to a question as to whether she slept there or lived there she said ''It was not necessary because I always was at home in my own flat.'' From January to the middle of April of the year 1943 she continuously lived in Cincinnati, Ohio.

The rent regulations of the O. P. A. in force at the termination of this tenancy, in so far as here applicable, were as follows:

''Section 6. Restrictions on removal of tenant.— (a) So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto, unless: . . .

''(4) The tenant's lease or other rental agreement has expired or otherwise terminated, and at the time of termination the occupants of the housing accommo-

dations are subtenants or other person who occupied under a rental agreement with the tenant, and no part of the accommodations is used by the tenant as his own dwelling.''

We hold, as a matter of law, upon defendant Townsend's own testimony that within the meaning of this statute the premises here in question were not used by her as a dwelling at the termination of her lease. She admits having received notice of the landlord's intention to terminate the tenancy while she was in Cincinnati. Other questions are argued but were not raised in the trial court. The judgment of the trial court will therefore be reversed.

*Reversed.*

O'CONNOR, P. J., and NIEMEYER, J., concur.